UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONICA PITNEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:17-cv-459 |
| ) | |
| PORTRAIT INNOVATIONS, INC. ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COME Plaintiff, MONICA PITNEY, by and through counsel, PANICO LAW LLC and complain of Defendant PORTRAIT INNOVATIONS, INC. (hereinafter "Portrait" or "Defendant") as follows:

**INTRODUCTION**

1. Plaintiff brings this action to recover from Defendant unpaid overtime compensation, back pay, front pay, liquidated damages, punitive damages, compensatory damages, attorney fees, costs and other relief for defendant's violations of federal wage and hour law; and for defendant's unlawful termination of plaintiff's employment in violation of the Americans with Disabilities Act, as amended.

2. Plaintiff alleges overtime violations pursuant to §6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b) (hereinafter "FLSA").

3. This is an action seeking declaratory, injunctive and equitable relief, as well as compensatory and liquidated damages, to redress Defendant's unlawful employment practices

1

in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.,* as amended ("ADAAA") (collectively, the "ADA").

## JURISDICTION AND VENUE

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 as all acts complained of occurred in Johnson County, Indiana.

5. Jurisdiction is proper in this Court as provided by §16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

## PARTIES

6. Plaintiff is a resident of Indianapolis, Indiana, and was at all times relevant hereto, an employee of Portrait, and was so employed from June 2, 2012 until January 12, 2016.

7. Defendant Portrait is a for-profit foreign Delaware corporation, with its principal place of business located at 2016 Ayrsley Town Boulevard, Suite 200, Charlotte, North Carolina, authorized to and doing business in the State of Indiana, and was, at all times relevant hereto, Plaintiff's employer.

## **PROCEDURAL REQUIREMENTS**

8. On or about February 1, 2016, Plaintiff filed a charge of discrimination with the Indiana Civil Rights Commission (ICRC) and U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination. This discrimination charge arose out of the same facts alleged herein.

9. On or about November 29, 2016 Plaintiff received her Notice of Suit Rights from the EEOC. This action has been filed within 90 calendar days of Plaintiff's receipt of his Notice of Right to Sue from the EEOC.

10. Any and all other prerequisites to the filing of this suit have been met.

## STATEMENT OF THE CASE

*Failure to Pay Overtime Compensation*

11. Plaintiff was employed by Portrait as a full time 'Studio Associate' at all times material hereto, and at the time of termination worked at Portrait's operations located at 1251 U.S. 31 North, Suite P-175, Greenwood, Indiana.

12. During the course of her employment, Plaintiff was an "employee" under the FLSA, 29 U.S.C. §203(e)(1).

13. From on or about January 1, 2015 to January 2016 Plaintiff was directed by her supervisor, Mike Bredlow "Not to Clock Working Time".

14. From on or about January 1, 2015 to January 12, 2016 Plaintiff had worked in excess of the maximum hours provided for by the FLSA, but no provision was made and no payments were made to Plaintiff at the rate of time and a half for the hours worked in excess of the hours provided by the statute.

15. The amounts and hours believed to be due Plaintiff are as follows:

| Month | Year | Overtime Hrs. | Total Due |
|---|---|---|---|
| January | 2015 | 10 | $203.40 |
| February | 2015 | 15 | $306.45 |
| March | 2015 | 12 | $245.16 |
| April | 2015 | 13 | $265.59 |
| May | 2015 | 19 | $388.17 |
| June | 2015 | 17 | $342.21 |

3

| | | | |
|---|---|---|---|
| July | 2015 | 18 | $367.74 |
| August | 2015 | 24 | $483.12 |
| September | 2015 | 29 | $592.47 |
| October | 2015 | 32 | $653.76 |
| November | 2015 | 36 | $735.48 |
| December | 2015 | 52 | $1062.36 |
| January | 2016 | 19 | $388.17 |

16. In or about January 18, 2015, Plaintiff had complained to supervisor Mike Bredlow about 'not clocking in' and failure to pay overtime compensation.

17. Plaintiff was immediately terminated by supervisor Bredlow on January 18, 2015 after protesting the company's failure to pay overtime. Her termination was in retaliation for her complaint about defendant's failure to pay overtime.

18. Plaintiff contacted Portrait's Chief Operations Officer, James Richardson regarding her termination who reinstated the Plaintiff's employment several days later.

19. Plaintiff was again terminated on January 16, 2016 after Plaintiff's continued protest over the defendant's failure to pay overtime. Her termination was, *inter alia,* in retaliation for her complaints about defendant's failure to pay overtime.

### *Plaintiff is Disabled Under the ADA*

20. At the time of Plaintiff's employment, Plaintiff had placed Portrait on notice that she was diagnosed with Auto-Immune Hepatitis, MGUS and Allergy related Asthma, and would require to be briefly absent from work twice a month for office-visit treatments.

21. In or about February 2015, Plaintiff had been diagnosed with a repetitive motion injury to her wrist requiring surgery.

22. On or about September 8, 2015, Regional Manager Amanda Reecer sent an email to Johnny Grasso, President, and James Richardson, Chief Operating Officer, stating that Plaintiff

4

had cancer and was undergoing chemotherapy; and, further, her physician had placed the Plaintiff on a 24/7 watch as her oxygen levels were low and Plaintiff could possibly faint, and that Plaintiff should not be permitted to work alone.

23. Sometime in September 2015, Reecer took Plaintiff off the task of 'scheduling appointments' as an accommodation for Plaintiff's disability – an accommodation which Plaintiff *did not* request.

24. Scheduling appointments is an essential job function of Plaintiff's position, and is used by Portrait to measure employee job performance. In essence, Plaintiff suffered an adverse employment action and was being "set up for failure".

25. Sometime in November 2015, Plaintiff had fallen at work and sustained another injury to the same wrist and foot.

26. Sometime on or about January 16, 2016, Plaintiff's employment was terminated based on telephone calls between Plaintiff and Mike Bredlow and Amanda Reecer, stating the Plaintiff had used inappropriate language and made threats to Bredlow and Reecer - - which Plaintiff denies.

27. Defendant's position statement to the U.S. Equal Employment Opportunity Commission stated: "the decision was made to terminate your employment due to the extremely inappropriate offensive, and threatening comments".

28. On or about January 29, 2016, Defendant reported to the Indiana Department of Family Services that Plaintiff's employment was terminated due to a "reduction-in-force".

29. Plaintiff is informed and believes the reasons articulated by the Defendant for her employment termination are duplicitous, and Plaintiff believes she was terminated because of her disabilities, or perceived disabilities by her employer.

30. Defendant's discriminatory termination of Plaintiff because of her disabilities or perceived disabilities - - was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's federally protected rights. This unlawful conduct has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her personal reputation, and severe mental anguish and emotional distress.

## COUNT I
## FLSA OVERTIME VIOLATIONS

31. Plaintiff re-alleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

32. Defendant is a private-sector, for-profit, Delaware corporation, and is an "employer" under the FLSA, 29 U.S.C. §203(d).

33. At all times hereinafter mentioned, the Defendant has been and is an enterprise "engaged in commerce" as defined by the FLSA, 29 U.S.C. §203 (r) and (s).

34. During her employment, Plaintiff worked as a full-time Studio Associate and was therefore an "employee" under the FLSA, 29 U.S.C. §203(e)(1).

35. Plaintiff was not an exempt employee under the FLSA, but rather, was a covered employee during her employment and was entitled to the FLSA's benefits and protections.

36. During the course of her employment, Defendant required and suffered Plaintiff to work in excess of forty hours per week, without compensation for overtime pay, in violation of the FLSA, 29 U.S.C. §213(a)(1).

37. Plaintiff has been damaged by Defendant's violation of the FLSA in an amount not presently ascertainable, and requiring an accounting of the same.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in her favor and against Defendant, and that Defendant pays to Plaintiff:

   a. The full amount of wages due for all hours worked, as well as unpaid overtime compensation, and an equal amount in liquidated damages plus prejudgment interest;

   b. Reasonable Attorney fees and costs incurred in the prosecution of this case; and,

   c. All other relief the Court deems necessary and just.

**COUNT II**
**FLSA WILLFUL VIOLATIONS**

38. Plaintiff re-alleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

39. Defendant knew that Plaintiff was told 'not to clock working time' and worked overtime hours for which she was not paid overtime compensation.

40. Defendant told Plaintiff that she was a 'non-exempt' employee as was entitled to overtime, but nonetheless, refused to pay plaintiff overtime compensation for overtime hours she worked.

41. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's complaints about the aforementioned wage and hour violations.

42. Defendant through its agents and managers, directed Plaintiff to "not clock working time" to reflect that Plaintiff worked no overtime hours, when in fact Plaintiff had worked overtime.

43. Defendant knowingly and willfully violated the FLSA, 29 U.S.C. §201 *et. seq*.

44. Plaintiff has been damaged by Defendant's willful violation of the FLSA in an amount not presently ascertaiable.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in her favor and against Defendant, and that Defendant pays to Plaintiff:

a. The full amount of wages due for all hours worked, as well as unpaid overtime compensation, and an equal amount in liquidated damages plus prejudgment interest;

b. Reasonable Attorney fees and costs incurred in the prosecution of this case; and,

c. All other relief the Court deems necessary and just.

**COUNT III**
**RETALIATION IN VIOLATION OF THE FLSA**

45. Plaintiff re-alleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

46. Beginning on or about January 18, 2015 and continuing until her termination of employment, Plaintiff had complained to supervisor Bredlow about 'not clocking work time' and non-payment of overtime compensation.

47. The aforementioned complaints constituted protected activity under the FLSA, 29 U.S.C. §215(a)(3).

48. Plaintiff was terminated from employment on or about January 18, 2015 and again on January 16, 2016 in retaliation for her complaints. Defendant had no legitimate or lawful reason for terminating the Plaintiff's employment.

49. Plaintiff's terminations violated the anti-retaliation provision of the FLSA, 29 U.S.C. §215(a)(3).

**WHEREFORE,** Plaintiff prays that this Court enter judgment in her favor and against Defendant, and:

   a. Find that Defendant intentionally retaliated against Plaintiff in violation of the FLSA;

   b. Order such injunctive and equitable relief that will make Plaintiff whole for the above violations, including but not limited to reinstatement, backpay, frontpay in lieu of reinststement, and damages for future lost earnings capacity;

   c. Award Plaintiff compensatory and punitive damages;

   d. Order such injunctive and equitable relief necessary to prevent future violations;

   e. Award Plaintiff reasonable attorney fees and costs incurred in the prosecution of this case; and,

   f. All other relief the Court deems necessary and just.

**COUNT IV**
**DISCRIMINATION IN VIOLATION OF THE ADA**

50. Plaintiff re-alleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

51. Plaintiff is a qualified individual within the meaning of §12111(8) of the ADA.

52. Defendant terminated plaintiff because of her disabilities, or perceived disabilities in violation of the ADA.

53. Defendant has discriminated against Plaintiff in violation of the ADA by denying her equal terms and conditions of employment, including but not limited to, terminating her employment because of her disability, Defendant regarded her as disabled, and/or because of Plaintiff's record of disability.

54. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages.

55. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's federally protected rights under the ADA for which Plaintiff is entitled to an award of liquidated damages.

**WHEREFORE,** Plaintiff prays that this Court enter judgment in her favor and against Defendant, and:

   a. An injunction restoring the Plaintiff to her position with PORTRAIT with full back pay, seniority, and benefits; or in lieu of reinstatement an award of front pay;

   b. A Declaratory Order against further harassment or retaliation against Plaintiff on reinstatement to his previous position;

   c. Judgment against Defendant in compensatory and liquidated damages in an amount to be determined at trial; together with attorney fees, interest, cost and other such relief Plaintiff is entitled to at law or in equity.

d. Whatever other relief, legal or equitable the Court deems proper.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all issues of fact raised in his Complaint.

Respectfully submitted,

PANICO LAW LLC

SS//John Robert Panico
John Robert Panico, IN Bar No. 24039-48
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
317.759.7464
email: jpanico@discriminationlawgroup.com

*Counsel for Monica Pitney*